Michelle L. Roberts, State Bar No. 239092
E-mail: michelle@robertsdisability.com
ROBERTS DISABILITY LAW, P.C.
66 Franklin Street, Ste. 300
Oakland, CA 94607
Telephone: (510) 230-2090
Facsimile: (510) 230-2091

Attorneys for Plaintiff,
Jessica Nahabedian

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA NAHABEDIAN, <br><br> Plaintiff, <br><br> vs. <br><br> UNUM LIFE INSURANCE COMPANY OF AMERICA <br><br> Defendant. | CASE NO.: 4:22-cv-7029 <br><br> **COMPLAINT (ERISA)** |

Plaintiff, Jessica Nahabedian, herein sets forth the allegations of her Complaint against Defendant Unum Life Insurance Company of America ("Unum").

PRELIMINARY ALLEGATIONS

1. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves claims by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of the correct amount of benefits due

1  under her plan, prejudgment and post-judgment interest, reinstatement to the benefit plan at issue

2  herein, and attorneys' fees and costs.

3      2.  Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C.

4  § 1132(e)(2), because the ERISA-governed plan at issue was administered in part in this District.

5  Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or

6  omissions giving rise to Plaintiff's claims occurred within this District and the Plan Administrator

7  is located in this district.

8      3.  Plaintiff was employed by Peet's Coffee, Inc. in Alameda County as a Manufacturing

9  Training Manager. Plaintiff became disabled following a motor vehicle accident and unable to

10  work starting March 15, 2021. At the time of her disability, Plaintiff was a participant, as defined

11  by ERISA § 3(7), 29 U.S.C. § 1002(7), in a health and welfare benefit plan sponsored by Peet's

12  Coffee, the Peet's Coffee & Tea Employee Benefits Plan ("the Plan"), which provided, among

13  other benefits, short-term disability ("STD") benefits, long term disability ("LTD") benefits and

14  life insurance waiver of premium ("WOP") benefits. The plan's coverage of LTD and WOP

15  benefits is insured and administered by Unum, under policy numbers 801528 and 801527,

16  respectively.

17      4.  Unum is a licensed insurance firm headquartered in the State of Tennessee. It is a

18  subsidiary of Unum Group. Unum offers group LTD policies in various states, including

19  California. Unum is authorized to transact business in the Northern District of California and may

20  be found in the Northern District of California.

21      5.  Intradistrict Assignment – Pursuant to Civil L.R. 3-2(c) and 3-5, Plaintiff believes that this

22  matter should be assigned to either the Oakland or San Francisco divisions since a substantial part

23  of the events or omissions which give rise to this action occurred primarily in Alameda County.

### FIRST CLAIM FOR RELIEF
### (29 U.S.C. § 1132(a)(1)(B))
### Long-Term Disability Benefits

    6.  Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

Roberts Disability Law, P.C.
66 Franklin Street, Ste. 300
Oakland, CA 94607
(510) 230-2090

7. Plaintiff filed a claim for STD benefits with Unum based on her disability under the terms of the Plan. Unum assigned claim number 19969516 to Plaintiff's STD claim. Unum approved and paid Plaintiff's STD benefits through the maximum duration.

8. Plaintiff filed a claim for LTD benefits with Unum based on her disability under the terms of the Plan. Unum assigned the same claim number, 19969516, to her LTD claim.

9. By letter dated December 17, 2021, Unum determined that Plaintiff was not entitled to LTD benefits.

10. On July 29, 2022, Plaintiff timely appealed the denial of her LTD benefits on the basis that she suffers from ongoing physical conditions that render her disabled under the terms of the Plan.

11. By letter dated November 9, 2022, Unum upheld the denial of Plaintiff's LTD benefits.

12. Plaintiff has been, and continues to be, disabled and entitled to LTD benefits.

13. Plaintiff has exhausted any and all administrative remedies which may be required by ERISA or the Plan.

14. By denying Plaintiff's LTD benefits, Unum has breached the terms of the Plan and ERISA, has failed to provide Plaintiff with a full and fair review, and has been unjustly enriched from its breach of fiduciary duty to Plaintiff.

15. Unum policy number 801528 is governed by the laws of the State of California, is subject to Cal. Ins. Code § 10110.6, and does not contain any discretionary language. Thus, the Court's review of Unum's decision will be de novo.

### SECOND CLAIM FOR RELIEF
(29 U.S.C. § 1132(a)(1)(B))
Life Insurance Waiver of Premium Benefits

16. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

17. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

18. At all relevant times, Plaintiff has been entitled to WOP benefits under the Plan.

19. Plaintiff filed a claim for WOP benefits with Unum based on her disability under the terms of the Plan. Unum assigned claim number 19972510 to her WOP claim.

20. By letter dated December 17, 2021, Unum determined that Plaintiff was not entitled to WOP benefits.

21. On July 29, 2022, Plaintiff timely appealed the denial of her WOP benefits on the basis that she suffers from ongoing physical conditions that render her disabled under the terms of the Plan.

22. By letter dated November 9, 2022, Unum upheld the denial of Plaintiff's WOP benefits.

23. Plaintiff has exhausted any and all administrative remedies which may be required by ERISA or the Plan.

24. By terminating Plaintiff's WOP benefits under the Plan, and by related acts and omissions, Defendant has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Unum as follows:

1. Payment of LTD benefits due to Plaintiff;
2. An order declaring that Plaintiff is entitled to an award of LTD and WOP benefits, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;
3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
4. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and
5. Such other and further relief as this Court deems just and proper.

DATED: November 9, 2022            ROBERTS DISABILITY LAW, P.C.

                                   By:   */s/ Michelle L. Roberts*
                                         Michelle L. Roberts
                                         Attorneys for Plaintiff,
                                         Jessica Nahabedian